UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Ana Hernandez Araujo, Josselyn Zambrano, and Sandra Aguilar Hernandez,<br><br>    **Plaintiffs**<br><br>v.<br><br>Cositas Deliciosas LLC , and Miguel Xicohtencatl,<br><br>    **Defendants** | June 21, 2022 |

**COMPLAINT**

**I.      INTRODUCTION**

1.      The plaintiffs are three restaurant workers, Ana Hernandez Araujo, Josselyn Zambrano, and Sandra Aguilar Hernandez, who were formerly employed by the defendants, Cositas Deliciosas LLC, and its owner Miguel Xicohtencatl  The plaintiffs allege that during their employment the defendants failed to pay them overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Connecticut Minimum Wage Act (CMWA), Conn.Gen.Stat. §31-58, *et seq.;* failed to pay them according to Connecticut's minimum wage, in violation of the CMWA; failed to pay them all of their earned wages each week in violation of Conn.Gen.Stat. §31-71b; made illegal deductions from their wages in violation of Conn.Gen.Stat. §31-71e; violated Connecticut meal break and rest break laws, Conn.Gen.Stat. §31-51ii; and failed to keep true and accurate records of the hours the plaintiffs worked, in violation of Conn.Gen.Stat. §31-13a and Conn.Gen.Stat. §31-66.

2.      The plaintiffs bring this action seeking payment of all wages owed, including all overtime wages pursuant to 29 U.S.C. §207, all minimum wages and overtime wages

pursuant to Conn.Gen.Stat. §31-68, liquidated damages pursuant to 29 U.S.C. §216(b), double damages pursuant to Conn.Gen.Stat. §31-68 and §31-72, and an award of the plaintiffs' reasonable attorney's fees and costs as provided by the FLSA, CMWA, and Conn.Gen.Stat. §31-72.

## II.     JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to his claim occurred within this judicial district.

## III.    PARTIES

5.     The plaintiffs, Ana Hernandez Araujo, Josselyn Zambrano, and Sandra Aguilar Hernandez, are persons residing in Connecticut. At all times relevant to the Complaint they were each an employee of the defendants as that term is defined by 29 U.S.C. §203(e) and Conn.Gen.Stat. §31-58(e).

6.     Defendant Cositas Deliciosas LLC, is a limited liability company registered in the State of Connecticut since 2017, with a business address of 271 Grand Avenue, New Haven, Connecticut 06513. The defendant was at all times relevant to this Complaint an employer as that term is defined by 29 U.S.C. §203(d) and Conn.Gen.Stat. §31-58(d).

7.     Defendant Miguel Xicohtencatl is the principal and sole member of defendant Cositas Deliciosas LLC, with a residence address of 265 Grand Avenue, Apartment 1, New Haven, Connecticut 06513. The defendant was at all times relevant to this Complaint an

employer as that term is defined by 29 U.S.C. §203(d) and Conn.Gen.Stat. §31-58(d), as he has final decision and ultimate control of the setting and payment of wages to defendant Cositas Deliciosa's employees.

## IV.     FACTS

### A.     Plaintiffs' conditions of employment

8. The defendants operate a restaurant located at 271 Grand Avenue, New Haven, Connecticut 06513. The defendants employed each of the plaintiffs at various times between 2019 and 2021: Ana Hernandez Araujo from April 2019 through April 2021; Josselyn Zambrano from July 2019 through September 2020; and Sandra Aguilar Hernandez from April 2019 through November 2019.

9. While employed by the defendants, the plaintiffs were responsible for a wide range of tasks including but not limited to preparing fruit, making fruit and milkshakes, taking orders, answering the telephone, and cleaning.

10. The plaintiffs regularly worked more than forty (40) hours in a one week period but the defendants did not pay them overtime wages.

11. Despite the long hours that the plaintiffs worked, the defendants did not permit the plaintiffs to take meal breaks or rest breaks and often chided them for taking breaks simply to use the restroom.

12. On a number of occasions where there were problems with a customer's order or some other mistake, the defendants unlawfully deducted money from the plaintiffs' pay to compensate.

13. Defendants have failed to keep true and accurate wage records, including by reducing the actual number of hours worked in order to create a false wage record that she

3

did not work overtime, altering wage records after the fact, and leaving wage records incomplete.

### B.  Ana Hernandez Araujo

14. The defendants employed plaintiff Ana Hernandez Araujo from on or about April 1, 2019, until on or about April 4, 2021.

15. Araujo worked between 41 and 86 hours each week in 102 out of 105 of her weeks of employment by the defendants.

16. For each of those weeks the defendants should have, but did not, pay Araujo one and one-half times her hourly rate (i.e. "overtime") for each hour in excess of forty.

17. Araujo has calculated the total overtime owed to her as $12,138.02. A copy of the spreadsheet showing the calculation of unpaid overtime wages for each week of Araujo's work is attached hereto as Exhibit 1.

### C.  Josselyn Zambrano

18. The defendants employed plaintiff Joselyn Zambrano from on or about July 1, 2019, until on or about September 7, 2020.

19. From on or about July 1, 2019, until on or about April 12, 2020, the defendants paid Zambrano $10.00 for each hour of work. During that period, the minimum wage in Connecticut was between $10.10 and $11.00 for each hour of work.

20. From on or about April 13, 2020, and September 7, 2020, the defendants paid Zambrano $10.50 for each hour work. During that period, the minimum wage in Connecticut was between $11.00 and $12.00 for each hour of work.

21. Zambrano worked between 41 and 71 hours each week in 57 out of 63 of her weeks of employment by the defendants.

22. For each week that the defendants employed Zambrano they should have, but did not, pay Zambrano at least the Connecticut minimum wage for each hour worked and one and one-half times her hourly rate (i.e. "overtime") for each hour in excess of forty.

23. Zambrano has calculated the total overtime owed to her as $6,646.26. A copy of the spreadsheet showing the calculation of unpaid minimum wages and overtime wages for each week of Zambrano's work is attached hereto as Exhibit 2.

### D. Sandra Aguilar Hernandez

24. The defendants employed plaintiff Sandra Aguilar Hernandez from on or about April 1, 2019, until on or about November 18, 2019.

25. Hernandez worked between 45 and 75 hours each week in the thirty-four weeks of her employment by the defendants.

26. For each of those weeks the defendants should have, but did not, pay Hernandez one and one-half times her hourly rate (i.e. "overtime") for each hour in excess of forty.

27. Hernandez has calculated the total overtime owed to her as $5,145. A copy of the spreadsheet showing the calculation of unpaid overtime wages for each week of Araujo's work is attached hereto as Exhibit 3.

### V. COUNT ONE: VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

1. The plaintiffs re-state, re-allege and incorporate by reference paragraphs 1 through 27, above.

28. The defendants' failure to pay the plaintiffs overtime at the rate of one and one-half times the plaintiffs' regular hourly rates for all hours worked in excess of forty hours in a one week period is in violation of the overtime provisions of the Fair Labor Standard Act, 29 U.S.C. §207.

29. The defendants' failure to pay overtime wages was in willful violation of the plaintiffs' legal rights, such that the plaintiffs are entitled to an award of liquidated damages and reasonable attorney's fees and costs as provided by 29 U.S.C. 216(b).

## VI. COUNT TWO: VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

1. The plaintiffs re-state, re-allege and incorporate by reference paragraphs 1 through 29, above.

30. The defendants' failure to pay the plaintiffs at least the minimum hourly rate for all hours worked, and to pay the plaintiffs overtime at the rate of one and one-half times the plaintiffs' regular hourly rates for all hours worked in excess of forty hours in a one week period is in violation of the minimum wage and overtime requirements of the Connecticut Minimum Wage Act, including Conn.Gen.Stat. §31-68.

31. The defendants' failure to pay the minimum wage and overtime wages was in willful violation of the plaintiffs' legal rights, such that the plaintiffs are entitled to an award of twice the full amount of such overtime wages and reasonable attorney's fees and costs as provided by Conn.Gen.Stat. §31-68.

## VII. COUNT THREE: CLAIM FOR WAGES PURSUANT TO CONN.GEN.STAT. §31-72

1. The plaintiffs re-state, re-allege and incorporate by reference paragraphs 1 through 31, above.

32. The defendants' failure to pay the plaintiffs at least the minimum hourly rate for all hours worked, and to pay the plaintiffs overtime at the rate of one and one-half times the plaintiffs' regular hourly rates for all hours worked in excess of forty hours in a one week period is in violation of Connecticut's wage payment statutes, including Conn.Gen.Stat. §31-72.

33.     The defendants' failure to pay the minimum wage and overtime wages was in willful violation of the plaintiffs' legal rights, such that the plaintiffs are entitled to an award of twice the full amount of their unpaid wages and reasonable attorney's fees and costs as provided by Conn.Gen.Stat. §31-72.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs seek as their remedies:

1.  Award the plaintiffs their unpaid minimum wages and overtime wages pursuant to 29 U.S.C. §207 and Conn.Gen.Stat. §31-68;

2.  Award the plaintiffs' their liquidated damages pursuant to 29 U.S.C. §216(b);

3.  Award the plaintiffs double their unpaid wages pursuant to Conn.Gen.Stat. §31-68 and Conn.Gen.Stat. §31-72;

4.  Award the plaintiffs their reasonable attorney's fees and costs, pursuant to 29 U.S.C. §216(b), Conn.Gen.Stat. §31-68, and Conn.Gen.Stat. §31-72; and

5.  Award such other relief as the Court may deem appropriate.

RESPECTFULLY SUBMITTED,
ANA HERNANDEZ ARAUJO, JOSSELYN ZAMBRANO, AND SANDRA AGUILAR HERNANDEZ,
THE PLAINTIFFS, by

_/s/ Peter Goselin_
Peter Goselin ct06074
The Law Office of Peter Goselin
P.O. Box 331313
Hartford, Connecticut 06133
Tel. 860-580-9675
pdgoselin@gmail.com

_/s/ Keren Salim_
Keren Salim ct30964
New Haven Legal Assistance Assoc.
205 Orange Street
New Haven, Connecticut 06510
Tel. 203-946-4811
Fax 203-498-9271
ksalim@nhlegal.org